UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────x
KEVIN TERRANI
                          Plaintiff

    -against-                       COMPLAINT
                                     AND JURY DEMAND

                                     No.

THE CITY OF NEW YORK, and POLICE
OFFICER JOHNPAUL LEDDY and POLICE
OFFICER JONATHAN FOLEY and POLICE
OFFICER JOHN DOE # 1 of the NEW YORK
CITY POLICE DEPARTMENT
                      Defendant(s),
──────────────────────────────────────x

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER JOHNPAUL LEDDY ("LEDDY") AND POLICE OFFICER JONATHAN FOLEY ("FOLEY") and POLICE OFFICER JOHN DOE #1 (JOHN DOE #1) of the New York City Police Department ("NYPD"), arising out of the false arrest and false imprisonment against KEVIN TERRANI ("Plaintiff").

2. On or about December 26, 2016, LEDDY, FOLEY and JOHN DOE #1 of the NYPD, all of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention, for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and her property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3. The Plaintiff, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

4.     This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

5.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.     Venue is laid within the United States District Court for the Southern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Southern District of New York, particularly New York County.

## PARTIES

7.     Plaintiff at all times relevant hereto resided in the City and State of New York, County of New York.

8.     That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

9.     The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

10.    That at all times hereinafter mentioned, and on information and belief, the defendant LEDDY, FOLEY and JOHN DOE # 1 and other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

11.    At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

12.    That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual

2

defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

13. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

14. On or about December 26, 2016, at approximately 2 a.m., plaintiff was at his home located at 237 East 31st Street, NY, NY when he called 911 because plaintiff's brother, John Terrani, who was also present, was violating an Order of Protection that had been issued by a New York County Family Court judge.

15. The Order of Protection that had been issued against John Terrani required him to not have any contact with plaintiff.

16. After plaintiff called 911 to report that his brother had engaged in criminal activity by violating the order of protection, LEDDY and JOHN DOE #1 and entered plaintiff's home at 237 East 31st Street, NY, NY after they were allowed in by John Terrani.

17. After they entered the apartment LEDDY and JOHN DOE #1 and approached plaintiff who was sitting on a couch in the living room.

18. Plaintiff explained to the two police officers, LEDDY and JOHN DOE #1 that, while he had not been physically harmed by his brother, he had an Order of Protection against his brother and that his brother's mere presence was a violation of the Order of Protection.

19. After approaching plaintiff the two police officers, LEDDY and JOHN DOE #1 without explanation began to curse at plaintiff and told plaintiff to stop calling the police for help unless someone was actually hurt.

20. The two police officers, LEDDY and JOHN DOE #1, then told plaintiff that they were going to take him to a hospital since he called 911.

3

21. In response plaintiff told the two police officers, LEDDY and JOHN DOE #1, he did not want or need to go to a hospital.

22. The two police officers, LEDDY and JOHN DOE #1 told him that if he was not going to agree to go to the hospital he had to get up and leave his home.

23. Although plaintiff did not want to leave his home, he got up from the couch to leave since he had been ordered to do so by the police, but when he did so the JOHN DOE #1 ordered him to sit back down and told him that he could not leave.

24. The two police officers, LEDDY and JOHN DOE #1 then told plaintiff that they were going to take him to the hospital even though plaintiff again told them he did not want or need to go.

25. Plaintiff then called 911 a second time because he did not want to be taken to a hospital and thought that if he could explain the situation to a supervisor he would not be forced to go to a hospital.

26. In response to plaintiff's second 911 call, FOLEY arrived at plaintiff's home.

27. Plaintiff then explained to FOLEY that LEDDY and JOHN DOE #1 were using obscene language and forcing plaintiff to go to the hospital when neither was necessary.

28. He further explained to FOLEY that not only had plaintiff done nothing wrong, but that he had initially called 911 because his brother had violated an Order of Protection.

29. FOLEY told plaintiff that there was nothing he could do and that plaintiff had no choice but to go to the hospital.

30. Plaintiff was told by the LEDDY, FOLEY and JOHN DOE#1 that if he did not agree to go the hospital they would bring him there in handcuffs.

31. Plaintiff was then taken by ambulance to Bellevue Hospital where he was forced to remain against his will for approximately 13 hours before he was allowed to leave.

32. At no time was the plaintiff charged with any crime.

4

33. Plaintiff suffered emotional distress, including nightmares, because of his arrest and detention.

34. Because of defendants' conduct, plaintiff was imprisoned, detained, restrained and against his will and was unlawfully deprived of his liberty and property.

35. The arrest of the plaintiff was committed by the defendants without legal process and without probable cause.

36. Defendants acted maliciously and intentionally.

37. As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, loss of liberty and property.

### FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

38. Paragraphs 1 through 37 are herein incorporated by reference.

39. Defendants LEDDY, FOLEY and JOHN DOE# 1 subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

40. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

41. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

42. Paragraphs 1 through 41 are incorporated herein by reference.

43. Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

44. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

45. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

46. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

47. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

48. Defendants subjected plaintiff to false arrest and false imprisonment.

49. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

  A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

  B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

  C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

  50. Paragraphs 1 through 49 are incorporated herein by reference.

  51. Defendant LEDDY, FOLEY and POLICE OFFICER JOHN DOE #1 arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

  52. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

  53. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

  WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

  A. In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.  Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.  Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (FOURTEENTH AMENDMENT)

54.  Paragraphs 1 through 53 are incorporated herein by reference.

55.  Defendants LEDDY, FOLEY and POLICE OFFICERS JOHN DOE# 1 illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

56.  That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

57.  Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of Five Million ($5,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.  In favor of the plaintiff in the amount of Five Million ($5,000,000.00) Dollars;

B.  Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars;

C.  Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff demands a jury trial.

Dated: New York, New York
       August 28, 2017

                                  FINK & KATZ, PLLC.

                                  /s/ Jonathan A. Fink
                        By:  Jonathan A. Fink
                                One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Jonathan A. Fink
Fink & Katz, PLLC
299 Broadway, Suite 1803
New York, New York 10007
Telephone: (212) 385-1373

9