

| ZACHARY W. CARTER | THE CITY OF NEW YORK | JORGE M. MARQUEZ |
|---|---|---|
| *Corporation Counsel* | **LAW DEPARTMENT** | *Senior Counsel* |
| | 100 CHURCH STREET | Phone: (212) 356-2336 |
| | NEW YORK, NY 10007 | Fax: (212) 356-3558 |
| | | Email: jmarquez@law.nyc.gov |

December 28, 2017

VIA E.C.F.
Honorable John G. Koeltl
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      RE:    Kevin Terrani v. City of New York, et al.,
                  17 Civ. 6552 (JGK)

Your Honor:

        I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney representing defendant City of New York ("City") in the above referenced action. For the reasons set forth below, the City requests an extension of time to answer the Complaint from January 2, 2018, until January 23, 2018. This is the City's first request for an extension of time to answer the Complaint; Plaintiff's counsel, Jonathan A. Fink, consents to this request.

        By way of background, Plaintiff alleges, *inter alia*, that on December 26, 2016, he was forced by several police officers to go to Bellevue Hospital "where he remained for approximately 13 hours before he was allowed to leave" and, as such, that Plaintiff "was imprisoned, detained, restrained against his will and was unlawfully deprived of his liberty and property," though he was not charged with any crime. (See Complaint, ¶¶ 31-34, at Docket Entry No. 1). In addition to naming the City as a defendant, Plaintiff purports to name police officers Johnpaul Leddy, Jonathan Foley, and an unidentified "John Doe" police officer as defendants.

        There are several reasons for seeking an enlargement of time in this matter. First, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the Complaint. Furthermore, requests for relevant files have been made and are expected to be obtained shortly.

Additionally, according to the civil docket sheet, the individually named defendants, Officers Foley and Leddy, appear to have been properly served with process (see **Docket Entries Nos. 15 and 16**); this office, however, has not discussed with Officers Foley and Leddy the manner of service and we make no representation through this letter as to the adequacy of service upon them. Assuming that Officers Foley and Leddy were properly served, this enlargement may allow this office time to conduct an inquiry to determine whether it will represent them in this action. See General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (noting that the decision to bestow legal representation upon individual defendants is made by the Corporation Counsel as set forth in state law).

As this office has not discussed representation with Officers Foley and Leddy, this request for an extension of time is not made on their behalf. Nevertheless, given the time involved in determining the representation of an employee of the New York City Police Department, and in the interest of judicial economy, we hope that the court may, *sua sponte*, extend the aforementioned officers' time to respond to the Complaint to match the date on which defendant City is scheduled to respond.

Lastly, the City notes that the attorney originally handling the instant matter on behalf of the City is no longer employed with the New York City Law Department. Consequently, the undersigned attorney was recently assigned the instant matter and is undertaking steps to "get up to speed" with the case. Furthermore, the undersigned notes that he would generally request a shorter period of time to file an answer based on the entries contained in the civil docket sheet. The undersigned, however, is going on vacation this weekend until January 7, 2018, which means that his ability to coordinate the representation interviews with the police officers, as well as review the necessary documents, will be hindered. Consequently, the undersigned respectfully requests an extension of time to answer the Complaint from January 2, 2018, until January 23, 2018.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Jorge M. Marquez
*Senior Counsel*
Special Federal Litigation Division

cc: VIA E.C.F.
Jonathan Anthony Fink
Fink & Katz, PLLC
299 Broadway, Suite 1803
New York, NY 10007
Email: jfink@finkkatz.com